LEONARD MILLER

v.

W. W. GRAY.

*Negotiable Instrument—Note—Principal and Surety—Notice to Sue—Unreasonable Delay.*

In view of the circumstances, this court holds that a suit commenced upon a promissory note thirty-six days after notice from the surety thereon to bring suit, was not brought in apt time.

[Opinion filed June 15, 1889.]

APPEAL from the Circuit Court of White County; the Hon. WILLIAM C. JONES, Judge, presiding.

Messrs. ORGAN & ORGAN, for appellant.

Messrs. WILLIAMS & PARKER, for appellee.

The proof shows that Martin C. Beck, the principal in the note sued on, was wholly insolvent at the time the notice to sue was given; that his land was mortgaged for its full value; that he owned about $500 worth of personal property, and was in debt over and above incumbrances to the amount of $2,000. Suit against the principal on the very day the notice was given would have been unavailing, and Frank Beck, the

other security, had paid one-half the note previous to the trial below. The fact that the principal's mother allowed other notes to be settled out of her mortgage on the land does not prove that this debt would have been paid by her if converted into a judgment. Martin Beck's evidence shows that all judgments against him were not settled at the time of the trade. The appellant had every reason to believe that this note was still unpaid at the time he bought the land, yet he made no effort to have it settled out of the land—did not even request it. There is no evidence but that Mrs. Beck would have allowed this note paid out of her mortgage just as willingly without judgment as with it, if the appellant had made any effort to have it done.

While the insolvency of the principal may not excuse the payee from suing upon receiving notice from the surety, yet it is proper evidence to be considered by the court in deter-- mining whether the payee has, under all the circumstances, used such diligence as out statute requires.

The notice given by the appellant was insufficient. It does not notify the appellee to sue upon the note. The notice reads as follows:

" You are hereby notified that I don't want to stand longer as surety on the note given by Martin C. Beck on which I am security. You will therefore make your money."

Similar notices under statutes like ours have been held insufficient because there was no positive demand to sue. Brandt on Suretyship and Guaranty, Sec. 504; Savage's Adm'r v. Carelton, 33 Ala. 443; Bethune v. Dozier, 10 Ga. 235; Lockridge v. Upton, 24 Mo. 184. See also Bartlett v. Cunningham, 85 Ill. 22; Taylor v. Beck, 13 Ill. 376.

Phillips, J.  Appellant, with one Francis Beck, were sureties on a note for Martin C. Beck, payable to appellee. Appellant gave appellee a notice, as follows:

"Carmi, Ill., Feb. 10, 1888.
"Mr. W. W. Gray:

"You are hereby notified that I don't want to stand longer as surety on the note given by Martin C. Beck on which I am surety. You will therefore make your money.

"Leonard Miller."

Miller v. Gray.

A letter from appellee of date February 13, 1888, acknowledging receipt of that notice, was in evidence. On the 20th of March, 1888, suit was brought against appellant and others, makers of the note, and judgment recovered before a justice of the peace, and an appeal prosecuted to the County Court. Because of the judge of that court having been of counsel the cause was certified to the Circuit Court, and on trial the plaintiff recovered a judgment, and this appeal is prosecuted.

The notice and receipt of it by appellee being shown, was the notice sufficient? It shows the relation of principal and surety; that the surety did not want to be longer held, and directed the payee to make the money. The notice was sufficient under Sec. 1, Chap. 132, Starr & C. Illinois Stats. At the time of giving that notice the principal was the owner of one tract of two hundred acres of land, worth between $5,200 and $6,000, and another tract worth $800, and personal property to the value of $500 to $800. The first tract was incumbered for $5,000 and the second for $800. A part of the incumbrance on the first tract was held by the mother of the principal in the note. About the time of giving the notice the appellant was about to purchase the two hundred acre tract from Martin C. Beck, the principal in the note, and did, on or about the 10th day of March, purchase that tract for $5,200, and there then being judgments against the principal, Martin C. Beck, to the amount of $1,028, those judgments were, with his and his mother's consent, paid from the purchase money by appellant. Money was made on executions in the hands of constables against Martin C. Beck after the 10th of February, 1888. At the time of the notice the principal in the note was indebted, over and above the incumbrance on his land, about $2,000. From these facts thus appearing, was the surety on the note released by the failure to sue at an earlier day? Did the payee sue in time? The notice to sue was received on the 13th day of February and suit not brought until the 20th of March following. This was not within a reasonable time, nor was it due diligence on the part of the payee. From the facts it further appears that after the receipt of notice there was money

made on execution against the principal. It also appears that all judgments against the princpal were paid out of the purchase money. This was twen y-five days after the notice. It might well be held that such facts appearing, a suit prosecuted to judgment on notice from appellant would have been paid by the principal.

The evidence shows sufficient facts to discharge the appellant as surety, and it was error to enter judgment against him.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*